[No. F005618. Fifth Dist. June 26, 1985.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
RONALD McPETERS, Real Party in Interest.

COUNSEL

Edward W. Hunt, District Attorney, and Dennis Cooper, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Edward Sarkisian, Jr., Public Defender, and Gerald L. Kahl, Chief Defense Attorney, for Real Party in Interest.

OPINION

THE COURT*—Petitioner seeks a peremptory writ of mandate directing respondent court to grant its request for a jury trial upon the issue of whether real party is competent to stand trial upon a criminal information.

FACTS

Real party in interest (defendant) stands accused by information of murder with special circumstances which allow imposition of the death penalty. Defendant's competence to stand trial was regularly placed in issue pursuant to Penal Code section 1368. Petitioner requested a jury trial of his mental competence; defendant requested a court trial.

---

*Before Brown (G. A.), P. J., Franson, J., and Hanson (P. D.), J.

By minute order of May 2, 1985, respondent court denied petitioner's request for a jury trial "without prejudice in this or other cases."

## DISCUSSION

■ A proceeding to determine the mental competence of a criminal defendant to stand trial pursuant to Penal Code section 1368 is a special proceeding civil in nature. There is no constitutional right to a jury trial in such a special proceeding collateral to the criminal trial; the only right to a jury trial is that provided by statute. (*People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Rojas* (1981) 118 Cal.App.3d 278, 283 [173 Cal.Rptr. 64, 174 Cal.Rptr. 91].)

■ The statute which grants a right to jury trial in section 1368 proceedings is Penal Code section 1369 which provides for a "trial by court or jury of the question of mental competence. . . ."

The statute neither expressly grants nor expressly denies petitioner the right to demand a jury trial. We hold that such a statute should be construed to grant a jury trial right to all proper parties to the special proceeding.

The Legislature is aware of its ability to limit the right to demand a jury trial to only specified parties. (Welf. & Inst. Code, §§ 1801.5, 3108, 5350, subd. (d).) Absent such an express limitation upon the right to demand a jury trial, section 1369 is a general grant of the right to jury trial upon the issue of a criminal defendant's mental competence to stand trial. Such a general grant of the right to jury trial must be construed to vest all litigants who are proper parties to the special proceeding with the right to demand a jury trial.

We reject defendant's contention that petitioner has a lesser interest in the issue of his mental competence to stand trial than defense counsel or respondent court. We accept defendant's premise that the purpose of section 1368 is to avoid the due process violation which results from conviction of an accused person who is mentally incompetent to stand trial, but this premise does not support defendant's conclusion that petitioner has a lesser interest in an accurate adjudication of whether or not he is competent to stand trial. Neither justice nor due process of law is served if defendant is erroneously found to be incompetent to stand trial when, in fact, he is competent. It is petitioner's duty to see that the unnecessary delay in the murder prosecution which would result from an erroneous adjudication of mental competency does not occur.

Respondent court abused its discretion in denying petitioner's demand for a jury trial upon the issue of defendant's mental competence to stand trial for murder.

A peremptory writ is proper and should issue. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Superior Court of Fresno County to vacate its order denying the prosecutor's demand for a jury trial upon the issue of defendant McPeters' mental competence to stand trial in criminal action No. 318047-8 and to enter a new order granting a jury trial upon said issue.

Insofar as it seeks additional relief, the petition for writ of mandate is denied. We cannot presume that respondent court will repeat its error in other cases not before us.

The stay order issued by this court on May 8, 1985, shall continue in effect until (1) all acts directed above have been performed, (2) this decision is final in all California courts, or (3) the Supreme Court grants review of this decision, whichever may first occur.

The petition of real party in interest for review by the Supreme Court was denied October 3, 1985.