[No. S039341. Dec. 1, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL TODD MASTERSON, Defendant and Appellant.

966

**COUNSEL**

William Flenniken, Jr., under appointment by the Supreme Court, and Joyce Meisner Keller for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkins, Janelle B. Davis and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARABIAN, J.**—Over the objection of his client, defense counsel stipulated to use of an 11-person jury in a hearing to determine whether defendant was

competent to stand trial for felony charges. We must decide whether counsel was authorized to do so. Because of the nature of competency proceedings and of the right to a jury trial in those proceedings, we conclude that counsel has authority to waive entirely a jury trial over defendant's objection. This includes within it lesser authority such as that exercised in this case.

Accordingly, we reverse the judgment of the Court of Appeal, which reached a contrary conclusion.

## I. FACTS

Defendant was charged by complaint with attempted premeditated murder and robbery, both with use of a firearm. The charges arose out of an incident in which defendant shot a security guard in the face while trying to steal merchandise from a drugstore. Prior to the preliminary hearing, the magistrate declared a doubt as to defendant's present mental competence, and certified the matter to superior court for a competency hearing.

On the morning that presentation of evidence in the competency hearing was to begin, 11 jurors were present. A 12th prospective juror apparently did not appear. As a result, the attorneys stipulated that a jury consisting of the remaining 11 jurors could hear the matter. Defendant was consulted as follows:

"The Court: Mr. Masterson, do you understand what's happening here . . . in terms of the jury? [¶] What the parties have agreed to is that they're going to stipulate that this matter can be heard by the 11 jurors.

"The Defendant: I don't know. I thought you're supposed to have 10 jurors, or 12 jurors. Excuse me.

"The Court: Normally in criminal matters we do.

"The Defendant: Must be a new law I don't know about.

"The Court: It's a civil matter, and your attorney and the D. A. feel that the matter can be judged fairly by the 11 that are in the box right now. [¶] Do you have any problem with it?

"The Defendant: I'd rather have 12 jurors myself.

"The Court: I understand that. Okay. [¶] Also it's the court's understanding the parties have agreed that if we lose any jurors that the stipulation will go to whatever is left. For example, if two can't come back because of illness over the weekend, that would leave nine and they can hear the matter. Is that correct?

[Both counsel expressly agreed.]

"The Court: Mr. Masterson, I assume you don't agree with that.

"The Defendant: What's that?

"The Court: That if we lose any jurors that the stipulation will go to the remaining jurors to make a decision in the matter. It has to be unanimous any decision made.

"The Defendant: Yes, I understand that.

"The Court: For the record, do you object to it?

"The Defendant: Yes."

After a contested trial, the 11 jurors found defendant competent. Later, a different jury convicted him of these and other charges. The same jury then found that he had suffered certain prior convictions, and that he was sane when he committed the offenses. The court sentenced him to prison for a determinate term of 28 years and a consecutive term of life with possibility of parole.

The Court of Appeal reversed, holding that using an 11-person jury at the competency hearing over defendant's personal objection was prejudicial error. We granted the Attorney General's petition to review whether "the statutory right to a jury trial in a mental competency hearing pursuant to Penal Code sections 1368 and 1369 [is] subject to waiver over the objection of the defendant."

## II. DISCUSSION

"It is a fundamental canon of criminal law, and a foundation of due process, that 'A person cannot be tried or adjudged to punishment while such person is mentally incompetent.'" (*People* v. *Samuel* (1981) 29 Cal.3d 489, 494 [174 Cal.Rptr. 684, 629 P.2d 485] [quoting Pen. Code, § 1367, as it then read, which is substantially as it reads now].) Here, after a magistrate expressed doubt about defendant's mental competence, a jury trial on the question was held. (See generally, Pen. Code, § 1368 et seq.) Over defendant's personal objection, but with the stipulation of counsel, the jury consisted of 11 persons rather than the usual 12. (Cal. Const., art. I, § 16; Code Civ. Proc., § 220.) Defendant argues this was error.

This presents the threshold question of whether counsel can waive the right to a jury trial entirely over the objection of defendant. As the Court of

Appeal noted, if counsel had that authority, he or she would also have "the right to decide whether the jury may consist of fewer than 12 jurors."[1] That court held that counsel may not waive a jury over the client's objection, and that counsel additionally could not agree to a jury of only 11 persons. It expressly disagreed with the opposite conclusion of *People* v. *Harris* (1993) 14 Cal.App.4th 984, 990-992 [18 Cal.Rptr.2d 92] (*Harris*).

██ "[I]n both civil and criminal matters, a party's attorney has general authority to control the procedural aspects of the litigation and, indeed, to bind the client in these matters"; in other words, "counsel is captain of the ship." (*In re Horton* (1991) 54 Cal.3d 82, 94, 95 [284 Cal.Rptr. 305, 813 P.2d 1335].) The attorney may not, however, bind the party as to certain fundamental matters. (*Id.* at p. 95 [criminal cases]; *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109] [civil cases].) For example, in a *criminal* case, only the defendant personally may waive a jury trial. (*People* v. *Ernst* (1994) 8 Cal.4th 441 [34 Cal.Rptr.2d 238, 881 P.2d 298]; *In re Horton, supra,* 54 Cal.3d at p. 95.) But what applies to a criminal case does not necessarily apply to a competency proceeding. ██ A competency proceeding, although certainly related to the underlying criminal case, is not itself a criminal action. As the Court of Appeal correctly observed, "A proceeding to determine competency to stand trial is neither a criminal action nor a civil action; rather, it is a special proceeding. (Code Civ. Proc., § 23; *People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Superior Court (McPeters)* (1985) 169 Cal.App.3d 796, 798 [215 Cal.Rptr. 482]; *People* v. *Loomis* (1938) 27 Cal.App.2d 236, 239 [80 P.2d 1012].)" (See also *Harris, supra,* 14 Cal.App.4th at p. 991.)

Although there is a constitutional right to a jury trial in criminal and civil actions (Cal. Const., art. I, § 16), there is no such right in a competency proceeding. There is indeed a right to a jury trial in a competency proceeding, but it is statutory, not constitutional. (Pen. Code, § 1369; *People* v. *Samuel, supra,* 29 Cal.3d at p. 505 ["[T]he right to a jury in section 1368 hearings is a creature of statute, rather than a mandate of our Constitution as is the jury right at trial."]; *People* v. *Hill* (1967) 67 Cal.2d 105, 114 [60 Cal.Rptr. 234, 429 P.2d 586] ["The only right to a jury trial in a special proceeding collateral to the criminal trial is that provided by statute."]; *People* v. *Superior Court (McPeters)* (1985) 169 Cal.App.3d 796, 798 [215 Cal.Rptr. 482]; see also 2 ABA Standards for Criminal Justice, std. 7-4.7(c) (2d ed. 1986) p. 7.203, and the commentary thereto, *id.* at p. 7.207 [recognizing that there is no constitutional right to a jury trial in a competency proceeding].)

---

[1]Defendant asks us to dismiss review as improvidently granted because, he claims, the issue as stated in the petition for review is not "squarely presented." For the reasons stated in the text, we disagree, and deny the request.

Both the Courts of Appeal in this case and in *Harris* recognized the foregoing principles. (See *Harris*, *supra*, 14 Cal.App.4th at p. 991.) But from that point, their respective analyses diverged substantially.

*Harris* essentially ended its analysis after finding the jury trial right to be statutory; it concluded that because the right was merely statutory, counsel could waive it. (*Harris*, *supra*, 14 Cal.App.4th at p. 992.) The Court of Appeal here criticized *Harris* in this regard, arguing that even a nonconstitutional right might be sufficiently substantial that counsel may not waive it over objection.[2] It examined the law applicable to civil actions, and concluded that in those actions counsel alone may not waive the constitutional right to a jury trial. "Because competency proceedings are in the nature of civil proceedings and must be conducted according to civil rules," the court continued, "we also conclude that in such proceedings counsel may not stipulate to waive his or her client's right to jury trial over the express objection of the client." It stated that to "defer to the *Harris* opinion on this issue would be to elevate an accident of history—the lack of right to jury trial in competency proceedings under common law—over the teaching of our law in civil actions."

We disagree with the approach of the Court of Appeal. Even if counsel may not waive the *constitutional* right to a jury trial in civil actions (upon which we express no opinion), the same rule does not necessarily apply to the *statutory* jury trial right in this special proceeding. Describing the competency hearing as "civil in nature" (*People* v. *Superior Court (McPeters)*, *supra*, 169 Cal.App.3d at p. 798), or even saying that it is " 'governed by the rules applicable to civil proceedings' " (*People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 455 [280 Cal.Rptr. 175], quoting 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2989, p. 3667), while often useful and generally accurate, cannot eliminate specific differences between the proceedings, or elevate a statutory right to a constitutional right.

We also need not decide whether, as suggested by the Court of Appeal, there are some statutory rights that counsel may not waive. ■ Rather,

---

[2]In addition to disagreeing with *Harris*, the Court of Appeal also described its analysis and conclusion as "dicta." In *Harris*, the issue had become moot by the time of decision because the defendant, who was appealing a finding of incompetence, had in the interim been found competent. (*Harris*, *supra*, 14 Cal.App.4th at p. 990.) Nevertheless, the court decided three of the issues because they were "of sufficient public importance that it is appropriate to address them on the merits despite the fact that [defendant's] commitment has expired." (*Ibid.*) In so doing, the court exercised the discretion California appellate courts have to decide issues that, although "technically moot," present "potentially recurring questions of public importance." (*Butt* v. *State of California* (1992) 4 Cal.4th 668, 677, fn. 7 [15 Cal.Rptr.2d 480, 842 P.2d 1240].) As such, we doubt that the court's discussion can simply be dismissed as "dicta."

we base our conclusion upon an examination of the nature of competency proceedings as well as the jury trial right at issue.

The sole purpose of a competency proceeding is to determine the defendant's present mental competence, i.e., whether the defendant is able to understand the nature of the criminal proceedings and to assist counsel in a rational manner. (Pen. Code, § 1367; *People* v. *Mickle* (1991) 54 Cal.3d 140, 182, fn. 25 [284 Cal.Rptr. 511, 814 P.2d 290]; *People* v. *Samuel, supra,* 29 Cal.3d at p. 496.) Because of this, the defendant necessarily plays a lesser personal role in the proceeding than in a trial of guilt. How can a person whose competence is in doubt make basic decisions regarding the conduct of a proceeding to determine that very question?

This extends to the fundamental decision whether to hold a competency hearing at all. The United States Supreme Court has recognized that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." (*Pate* v. *Robinson* (1966) 383 U.S. 375, 384 [15 L.Ed.2d 815, 821, 86 S.Ct. 836].) There is authority that if " 'the attorney doubts the present sanity of his client, he may assume his client cannot act in his own best interests and may act even contrary to the express desires of his client . . . .' " (*Shephard* v. *Superior Court* (1986) 180 Cal.App.3d 23, 28 [225 Cal.Rptr. 328], quoting *People* v. *Bolden* (1979) 99 Cal.App.3d 375, 379-380 [160 Cal.Rptr. 268]; see also 2 ABA Standards for Criminal Justice, std. 7-4.2(c), *supra,* p. 7.176 ["If the client objects to such a motion [to evaluate the defendant's competence to stand trial] being made, counsel may move for evaluation over the client's objection."].)

In *People* v. *Hill, supra,* 67 Cal.2d 105, the defendant argued that before a court trial on his competence could be held, the court had to advise him about the right to a jury trial. We disagreed, finding "no duty in a judge to advise a defendant of his statutory rights where he is represented by counsel." (*Id.* at p. 114.) "Obviously, where the attorney has doubts as to the present sanity of the defendant he should be able to make decisions as to how the proceeding should be conducted. [¶] When evidence indicates that the defendant may be insane it should be assumed that he is unable to act in his own best interests. In such circumstances counsel must be free to act even contrary to the express desires of his client." (*Id.* at p. 115, fn. 4.)

The subject was revisited in *People* v. *Samuel, supra,* 29 Cal.3d 489. As stated in *People* v. *Mickle, supra,* 54 Cal.3d at page 183, we there found that "counsel had waived any objection defendant might otherwise have made to admission of an illegally obtained confession at the competence trial." We

discussed the respective roles of counsel and client in competency hearings under Penal Code section 1368: "[A] section 1368 hearing is held only after there has been a prima facie showing of mental incompetence. Of necessity, therefore, defendant's attorney must play a greater role in making fundamental choices for him, and cannot be expected to seek approval of strategic decisions made in the course of obtaining and presenting proof of incompetence. (*People* v. *Hill* (1967) 67 Cal.2d 105, 115, fn. 4.) . . . [I]f counsel represents a defendant as to whose competence the judge has declared a doubt sufficient to require a section 1368 hearing, he should not be compelled to entrust key decisions about fundamental matters to his client's apparently defective judgment." (*People* v. *Samuel, supra,* 29 Cal.3d at p. 495.) We described *People* v. *Hill, supra,* 67 Cal.2d at pages 114-115, as holding "that as a matter of tactics counsel may, without consulting defendant, waive defendant's statutory right to demand that a jury decide his competence." (*People* v. *Samuel, supra,* 29 Cal.3d at p. 496.)

Most recently, in *People* v. *McPeters* (1992) 2 Cal.4th 1148, 1168-1169 [9 Cal.Rptr.2d 834, 832 P.2d 146] (same defendant as in *People* v. *Superior Court* (*McPeters*), *supra,* 169 Cal.App.3d 796), we held that, at the competency hearing, defense counsel validly waived defendant's rights to a jury trial, to present oral testimony and to confront and cross-examine witnesses. (See also *Shephard* v. *Superior Court, supra,* 180 Cal.App.3d at pp. 29 ["The rationale giving competent defendants ultimate authority over tactical decisions at trial, does not extend to this situation where defense counsel's duty to protect a prima facie mentally incompetent defendant requires contravening that defendant's tactical preferences."], 30 [referring to the "critical difference between defense counsel's control over tactical determinations in section 1368 competency proceedings as opposed to guilt phase trial tactics"].)

As this authority demonstrates, counsel may waive the right to a jury trial in a competency proceeding, and the court need not advise the defendant of that right. But here the court did what was not required: it consulted the defendant, who expressly objected to the 11-person jury. Does this make a difference? In a trial of guilt it might. (See *People* v. *Frierson* (1985) 39 Cal.3d 803, 817-818 & fn. 8 [218 Cal.Rptr. 73, 705 P.2d 396] [counsel may not override defendant's wish, expressed on the record, to present a mental defense]; *In re Horton, supra,* 54 Cal.3d at p. 95 [contrasting those situations in criminal cases in which the defendant must personally waive a right on the record and those in which the attorney alone may act unless there is an "express conflict . . . between the defendant and counsel," in which case "the defendant's desires must prevail"].) But in the context of a competency proceeding, we see no difference. The same considerations that cause us to

conclude that counsel need not entrust key decisions to the client also compel the conclusion that the client may not veto those same decisions. Whether or not the client objects, counsel must be allowed to do what counsel believes is best in determining the client's competence.

The Court of Appeal below discounted the "dicta" in *People* v. *Hill, supra,* 67 Cal.2d at pages 114-115, and by implication the discussion in *People* v. *Samuel, supra,* 29 Cal.3d 489, on the grounds that they "have not been followed in later Supreme Court cases dealing with waiver of substantial rights in competency proceedings. (See *People* v. *Mickle* (1991) 54 Cal.3d 140, 183-184, and *People* v. *Medina* (1990) 51 Cal.3d 870, 885. . . .)," and that an "assumption that a defendant in a competency proceeding is unable to act in his or her best interests also contradicts the presumption of competency set out in Penal Code section 1369, [subdivision] (f)." This overstates the effect of our more recent cases.

In *People* v. *Mickle, supra,* 54 Cal.3d at pages 181-185, a competency hearing was held in which a different attorney represented the defendant than in the underlying criminal action. The attorney in the criminal action was called as a defense witness, but stated he could not answer certain questions "unless defendant personally waived the attorney-client privilege and 'possibly the doctor-patient privilege.'" (*Id.* at p. 181.) Defendant refused to waive the privilege, and the evidence from defense counsel was not presented. Relying on *People* v. *Samuel, supra,* 29 Cal.3d 489, the defendant argued "that the court erred in presuming him competent to assert the attorney-client privilege over [the competency hearing attorney's] objection." (*People* v. *Mickle, supra,* 54 Cal.3d at p. 182.)

We disagreed, finding that the issue had not been preserved for appeal, that "nothing in the appellate record suggests that defendant's refusal to waive the attorney-client privilege was the product of impaired or 'defective judgment,'" that instead the record "strongly suggested that [defendant] was capable of deciding whether to assert" the privilege, and also that there was no prejudice. (*People* v. *Mickle, supra,* 54 Cal.3d at p. 184.) In addition, we questioned, but did not decide, the "continuing validity" of *People* v. *Samuel, supra,* 29 Cal.3d 489, in part because it "did not confront the presumption of competence in section 1369, subdivision (f). We recently upheld this statutory presumption against a due process claim that it unfairly requires a defendant who might be incompetent to shoulder the burden of establishing his condition." (*People* v. *Mickle, supra,* 54 Cal.3d at p. 183, citing *People* v. *Medina* (1990) 51 Cal.3d 870, 881-885 [274 Cal.Rptr. 849, 799 P.2d 1282].)

*People* v. *Mickle, supra,* 54 Cal.3d 140, is distinguishable. As noted in that decision, the issue had not been preserved for appeal, and the defendant had

not been prejudiced by the court's ruling. Moreover, there the court, unlike here, never expressed a doubt on the record as to the defendant's competence. Rather, "the trial court obviously ordered a competence hearing in an overabundance of caution, and not because it was statutorily or constitutionally compelled to do so." (*Id.* at p. 184.)

Now that the issue is squarely presented, we conclude, as we did implicitly in *People v. McPeters, supra,* 2 Cal.4th at pages 1168-1169, that the presumption of competence upheld in *People v. Medina, supra,* 51 Cal.3d 870, does not affect the continuing validity of *People v. Samuel, supra,* 29 Cal.3d 489, or *People v. Hill, supra,* 67 Cal.2d 105. As we noted in *Medina,* the "primary significance of the presumption of competence is to place on the defendant (or the People, if they contest his competence) the burden of rebutting it." (*People v. Medina, supra,* 51 Cal.3d at p. 885.) The presumption is a rule of procedure; it cannot negate the fact the court here declared a doubt as to defendant's competence. The rationale underlying *Samuel* and *Hill*—that the person whose competence is in question cannot be entrusted to make basic decisions regarding the conduct of that proceeding—is unaffected by the presumption.

In sum, we hold that counsel may waive a jury trial in a proceeding to determine whether the defendant is competent to stand trial on criminal charges, and may make other decisions regarding a jury trial, even over the defendant's objection. Counsel properly stipulated to an 11-person jury in this case. The Court of Appeal erred in finding otherwise.

### III.  DISPOSITION

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Kennard, J., Baxter, J., George, J., and Werdegar, J., concurred.