Filed 10/15/15  P. v. Alcarazfranco CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OSCAR OMAR ALCARAZFRANCO,<br><br>Defendant and Appellant. | H041542<br>(Santa Clara County<br>Super. Ct. No. C1484562) |

Defendant Oscar Omar Alcarazfranco appeals from an order committing him to the State Department of State Hospitals after a finding of incompetency to stand trial under Penal Code section 1370.[1]  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.  Counsel asks this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) or, in the alternative, that we exercise our discretion to retain the appeal (see *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 (*Ben C.*)).

We notified Alcarazfranco of his right to file a letter brief within 30 days.  That time has passed and we have not received any response from Alcarazfranco.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2014, the Santa Clara County District Attorney filed a felony complaint charging Alcarazfranco with second degree robbery of a person 65 years of

---

[1] Unspecified statutory references are to the Penal Code.

age or older (§§ 211, 212.5, subd. (c), 667.9, subd. (a)), resisting or obstructing a public officer (§ 148, subd. (a)(1)) and providing a false name to a peace officer (§ 148.9).

On July 7, 2014, Alcarazfranco's counsel declared a doubt as to his client's competence. The trial court suspended proceedings and appointed two doctors to evaluate Alcarazfranco's competence pursuant to sections 1368.1 and 1369. Both doctors found Alcarazfranco not competent to stand trial. On September 17, 2014, Alcarazfranco, through counsel, requested a court trial and the parties submitted the matter on the two reports, which were admitted into evidence. The court found Alcarazfranco not competent to stand trial and referred him to "South Bay Conditional Release Program" for a placement evaluation. Following a subsequent capacity hearing, Alcarazfranco was ordered committed to the State Department of State Hospitals for placement, with an 18-month review hearing scheduled for April 6, 2016. This timely appeal ensued.

When an indigent defendant files his first appeal in a criminal case, as a matter of right, he is entitled to have the court independently review the record when appointed counsel files a brief indicating that he or she has found no arguable issues. (*Anders v. California* (1967) 386 U.S. 738, 739, 744; *Wende*, *supra*, 25 Cal.3d 436; *Ben C.*, *supra*, 40 Cal.4th at p. 535.) This right to independent review by the appellate court does not extend to judgments that are civil in nature, even when those judgments result in the deprivation of a liberty interest. (See *Ben C.*, *supra*, at pp. 535, 537, 544 [no *Wende* review in Lanterman-Petris-Short Act (Welf. & Inst. Code, §§ 5000-5550) conservatorship appeals]; *In re Sade C.* (1996) 13 Cal.4th 952, 959 [no *Wende* review in appeals from orders affecting parental custody in juvenile dependency cases]; *People v. Taylor* (2008) 160 Cal.App.4th 304, 308, 313 [*Wende* review not required in appeal from order declaring the appellant a mentally disordered offender]; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425 [no *Wende* review of order denying outpatient status pursuant to petition to restore competency under § 1026.2].)

The underlying order declaring Alcarazfranco incompetent to stand trial is a judgment in a special proceeding. (*People v. Lawley* (2002) 27 Cal.4th 102, 131 [although it arises in the context of a criminal trial, a competency hearing is a special proceeding, governed generally by the rules applicable to civil proceedings]; *People v. Stanley* (1995) 10 Cal.4th 764, 807 [a proceeding to determine the mental competence of a criminal defendant to stand trial pursuant to § 1368 is a special proceeding civil in nature]; *People v. Masterson* (1994) 8 Cal.4th 965, 969-970 [a proceeding to determine competency to stand trial is neither a criminal action nor a civil action; rather, it is a special proceeding].) As such, it is akin to the civil judgments noted above, to which *Wende* does not apply.

In assessing the risk that the absence of *Anders*/*Wende* review would result in the erroneous resolution of competency appeals, we recognize there are numerous procedural protections against unwarranted commitments, including ongoing supervision by the trial court. (§ 1368 et seq.) The trial court's ongoing supervision of Alcarazfranco provides him with "a more immediate avenue for modification than that afforded by the more cumbersome appellate review." (*Ben C.*, *supra*, 40 Cal.4th at p. 543.)

In the instant case, appointed appellate counsel filed a brief setting out the applicable facts and law, and informed the court that she found no arguable issues to be pursued on appeal. As noted, this court invited Alcarazfranco to submit additional briefing and state any grounds of appeal he may wish this court to consider, but he has not done so.

Accordingly, we dismiss the appeal.

## II.  DISPOSITION

The appeal is dismissed.

_____

                                    Premo, Acting P.J.


WE CONCUR:



_____

        Elia, J.




_____

        Mihara, J.




People v. Alcarazfranco
H041542