Filed 5/24/16  P. v. Goff CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068789 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD241342) |
| KYLA GOFF, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from a postjudgment order imposing victim restitution following a criminal conviction.  In the underlying criminal case Kyla Goff was convicted of

several counts of theft from an employer. (Pen Code,[1] § 487, subd. (b)(3).) Goff's convictions on two counts were reversed on appeal, but the conviction on one count was affirmed. (*People v. Goff* (Feb. 11, 2016, D066662) [nonpub. opn.].)

Following a restitution hearing before a different trial court, Goff was ordered jointly and severally with her husband to pay restitution to the victim in the amount of $486,281.55.

Goff appeals from the restitution order raising issues never presented to the trial court. She contends for the first time on appeal that she was entitled to a jury trial on the issue of victim restitution. She advances two theories, both of which have been rejected by case law. First, she contends that victim restitution is "punishment," thus under the reasoning of *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) she had a Sixth Amendment right to a jury determination of the right to and the amount of restitution. If the court finds victim restitution does not constitute punishment within the meaning of *Apprendi*, Goff contends the hearing was an "action" in a civil matter which entitled her to a jury trial under the California Constitution. Given that neither issue was ever presented to the trial court, and there was no demand for a jury trial, Goff contends her trial counsel was ineffective.[2] We will reject each of Goff's contentions and affirm the restitution order.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] Goff does not challenge the admissibility or the sufficiency of the evidence to support the restitution order.
[3] The facts of the underlying offense are not relevant to the issues raised by this appeal. Therefore, we will not set forth the traditional statement of facts. In any event,

DISCUSSION

Goff contends she was entitled to a jury trial on the issue of victim restitution. Her argument is two-pronged, i.e., restitution is punishment thus the Sixth and Fourteenth Amendments entitled her to have a jury determine the amount of any victim restitution. The second, and perhaps alternative argument, is that even if victim restitution is not punishment, its determination is a civil action, which would lead to "civil liability." Accordingly, Goff contends she is entitled to a jury trial under the California Constitution. We will address each contention separately.

A. Punishment

In *Apprendi, supra*, 530 U.S. 466, the court held that where factfinding in a criminal case would lead to increasing punishment beyond the statutory maximum for violation of the elements of an offense, the defendant is entitled to have such allegation plead and proved and is entitled to have a jury trial on such allegations. (See *Blakely v. Washington* (2004) 542 U.S. 296, 303 (*Blakely*).) Goff reasons that imposing victim restitution is increased punishment, and thus the rule of *Apprendi* and *Blakely* apply.

The difficulty with Goff's argument is that direct victim restitution is not punishment within the meaning of the Sixth or Fourteenth Amendments. (*People v. Millard* (2009) 175 Cal.App.4th 7, 35; *People v. Harvest* (2000) 84 Cal.App.4th 641, 650.) Goff recognizes case law is against her on this issue and argues all of the cases to the contrary were wrongly decided. She also contends a more recent federal case,

_____

the facts are fully discussed in our unpublished opinion in *People v. Goff* (Feb. 11, 2016, D066662).

3

*Southern Union Co. v. United States* (2012) \_\_\_ U.S. \_\_\_; 132 S.Ct. 2344 (*Southern Union*), requires a different analysis of the right to a jury trial.[4] That argument was squarely, and persuasively rejected by Division Three of this court in *People v. Pangan* (2013) 213 Cal.App.4th 574, 585 (*Pangan*).

In *Southern Union, supra,* 132 S.Ct. 2344, the case involved imposition of fines on a corporation. Fines of $50,000 per day were imposed under the statute. The trial court determined the number of days of violation, hence the amount of the fine. The Supreme Court held the imposition of fines on a corporation amounted to punishment within the meaning of *Apprendi, supra,* 530 U.S. 466. As the court in *Pangan, supra,* 213 Cal.App.4th at page 585 observed, direct victim restitution is not punishment, citing *U.S. v. Behrman* (7th Cir. 2000) 235 F.3d 1049, 1054; *People v. Millard, supra*, 175 Cal.App.4th at p. 35.) Thus, *Southern Union* does not require a jury trial to determine the amount of direct victim restitution following a criminal conviction.

We agree with the court in *Pangan, supra,* 213 Cal.App.4th 574, as well as other cases which have held direct victim restitution is not a fine and is not punishment. Thus, the principles of *Apprendi, supra,* 530 U.S. 466 and *Blakely, supra,* 542 U.S. 296 have no application to hearings establishing direct victim restitution following conviction of a criminal offense. Accordingly, Goff did not have a right to a jury trial under the punishment theory.

---

[4] Goff also contends her trial counsel was ineffective for not raising the issue of a jury trial in the trial court. Since we find no such right existed either under state or federal law, we will not discuss this contention further.

4

## B. California Law

The California Constitution guarantees the right to jury trial in both civil and criminal cases. (Cal. Const., art. I, § 16.) The constitution also guarantees restitution to victims in criminal proceedings. (Cal. Const., art. I, § 28.) The right to jury trial, however, applies only to "actions" not "special proceedings." (*People v. Masterson* (1994) 8 Cal.4th 965, 969.) An action "is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.) "A civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong." (Code Civ. Proc., § 30.) A criminal action is "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment." (§ 683.) "Every other remedy is a special proceeding." (Code Civ. Proc., § 23.)

A restitution hearing, following a criminal conviction is not a civil action, it is a "criminal sentencing hearing, not a civil trial." (*People v. Smith* (2011) 198 Cal.App.4th 415, 434.) Thus, a restitution hearing is not an action. It is a special proceeding ancillary to a criminal trial, for which there is no jury trial right. (*People v. Masterson, supra*, 8 Cal.4th at p. 969.)

In short, there is absolutely no basis in California, or federal law to support a claimed right to a jury trial in a restitution hearing to determine the amount of direct victim restitution following a criminal conviction.

DISPOSITION

The order setting victim restitution is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:

_____

NARES, J.

_____

AARON, J.