[No. B123471. Second Dist., Div. Six. Mar. 25, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY OTIS, Defendant and Appellant.

## COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, Acting P. J.**—In a court trial Jerry Otis was adjudged to be a mentally disordered offender (MDO). (Pen. Code, § 2960 et seq.)[1] Otis's counsel had waived a jury. The only question on appeal is whether Otis must personally waive a jury. We conclude defense counsel may act on his behalf. We affirm.

### PROCEDURAL HISTORY

The Board of Prison Terms determined Otis qualified as an MDO. (§ 2966, subd. (a).) Otis filed a petition in superior court challenging that determination. (§ 2966, subd. (b).)

On the morning of trial Otis's counsel waived a jury. Otis disagreed with his counsel and requested a jury trial. Otis also told the court that invisible

---

[1]All statutory references are to the Penal Code.

police had been sexually assaulting him and were sexually assaulting him as he spoke to the court. The court stated for the record that Otis was not being assaulted in court. The court accepted counsel's waiver of a jury over Otis's objection.

The trial court denied Otis's petition based on the testimony of his treating psychiatrist at Atascadero State Hospital.

## DISCUSSION

Otis does not dispute that an MDO proceeding is a civil, rather than a criminal, matter. (See *People* v. *Robinson* (1998) 63 Cal.App.4th 348 [74 Cal.Rptr.2d 52].) Generally in civil cases, an attorney has "complete charge and supervision" to waive a jury. (*Zurich G.A.& L. Ins. Co., Ltd.* v. *Kinsler* (1938) 12 Cal.2d 98, 105 [81 P.2d 913] [attorney could choose jury trial over client's objection]; see *Giouzelis* v. *McDonald* (1981) 119 Cal.App.3d 436, 445-446 [174 Cal.Rptr. 58] [attorney could stipulate to beginning deliberations with less than all jurors].)

Otis, however, relies on section 2966, subdivision (b), a provision specifically applicable to MDO proceedings. That subdivision provides, in part, "The trial shall be by jury unless waived by both the person and the district attorney."

Otis construes "person" as used in the subdivision to require that any waiver be made by the person himself. But nothing in the requirement that the waiver must be by "the person" precludes the person's attorney from acting on his behalf. The Legislature did not say the waiver had to be made "personally."

Had the Legislature intended that waiver could only be made personally by the petitioner, the Legislature would have made its intent clear. For example, the California Constitution, article I, section 16 states that waiver of a jury in a criminal case must be by "the defendant and the defendant's counsel." No similar language appears in section 2966, subdivision (b).

Otis points out that section 2966, subdivision (b) allows a waiver of time for the hearing to be made by "petitioner or his or her counsel." He claims that construing the word "person" to include counsel makes the words "or his or her counsel" surplus. He cites the well-recognized rule of statutory construction that a construction making some words surplusage should be avoided. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

■ But we cannot mechanically apply rules of statutory construction to reach a result that is at odds with the intention of the Legislature. We must view the legislation in light of its context and purpose. (See *LeVine* v. *Weis* (1998) 68 Cal.App.4th 758, 765 [80 Cal.Rptr.2d 439].)

■ Section 2966 concerns persons who have been found by the Board of Prison Terms to be mentally disordered. The Legislature must have contemplated that many persons, such as Otis, might not be sufficiently competent to determine their own best interests. There is no reason to believe the Legislature intended to leave the decision on whether trial should be before the court or a jury in the hands of such a person. That the Legislature specified a waiver of time could be by the petitioner "or his or her counsel" does not lead us to conclude in the context of this statute that the petitioner must personally waive a jury.

The judgment is affirmed.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 30, 1999. Kennard, J., was of the opinion that the petition should be granted.