Filed 3/21/13  P. v. Gonzales CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>     v.<br><br>ROLAND GONZALES,<br><br>       Defendant and Appellant. | C066808<br><br>(Super. Ct. No. 99F02522) |

Defendant Roland Gonzales appeals from an order of the trial court extending his mental health commitment for two years, from October 10, 2010 to October 10, 2012, pursuant to Penal Code section 1026.5, subdivision (b).  (Further undesignated section references are to the Penal Code.)  Defendant contends the extension order is procedurally and substantively flawed, because (1) there was no extension petition before the court at the time of the order, (2) the court failed to conduct a hearing on the extension, and (3) there is insufficient evidence to support the order.  We reject each of defendant's contentions and affirm the order.

1

## FACTS AND PROCEEDINGS

On November 12, 1999, defendant was charged with assault with a deadly weapon (§ 245, subd. (a)(1)) and entered a plea of not guilty by reason of insanity. The trial court ordered defendant committed to Atascadero State Hospital for the maximum term of eight years (cf. § 1026.5, subd. (a)(1)).

Defendant's initial term of commitment was set to expire on October 10, 2008. On July 23, 2008, the prosecutor filed a petition for extension of defendant's commitment pursuant to section 1026.5, subdivision (b) (the 2008 petition). As described more fully below, that subdivision permits extension of an initial commitment for successive periods of two years where a defendant continues to represent a substantial danger of physical harm to others due to his mental disease, defect or disorder.

On August 15, 2008, the trial court calendared the 2008 petition for hearing. However, because of repeated continuances not relevant to the matter before us, the hearing did not take place until April 13, 2010.

On or about March 22, 2010, 22 days before the hearing on the 2008 petition, the prosecutor filed a new petition for extension of commitment (the 2010 petition), seeking extension of defendant's commitment through October 10, 2012. The 2010 petition alleged defendant continues to suffer from a mental disease, defect or disorder that poses a substantial danger of physical harm to others. It also requested that the matter be heard concurrently with the 2008 petition.

After hearing evidence on April 13 and 15, the trial court issued an order granting the 2008 petition and extending defendant's commitment through October 10, 2010. Inexplicably, a footnote to that order states: "The parties have reserved the court's jurisdiction to determine whether the two-year commitment is measured from the petition, the date of the court's determination, or, two years beyond the present commitment."

2

On August 27, 2010, the trial court issued the following minute order: "DDA Satnam Rattu present. CAC Robert Saria and respondent's appearance waived. [¶] Defense counsel submitted the matter. Pursuant to stipulation of counsel Petition for Extended Commitment pursuant to [] Section 1026.5 is hereby granted. It is ordered that [defendant's] commitment to Department of Mental Health be extended for two (2) years effective October 10, 2010. [¶] Maximum commitment date October 10, 2012. [¶] Commitment order signed this date by the Court." The same day, the court signed an "Order Extending Commitment to the Department of Mental Health," extending defendant's commitment through October 10, 2012.

Defendant appeals from the August 27, 2010, order.

DISCUSSION

I

*The Record on Appeal*

The original clerk's transcript on appeal did not contain the 2010 petition. Defendant moved to augment the record, seeking among other things "[t]he 2010 petition for extension of commitment and supporting affidavits that is the subject of the August 27, 2010 order appealed from." We granted the motion. In response, the Sacramento County Superior Court Clerk submitted a declaration asserting: "[A]fter a thorough search of the court file, this document [the 2010 petition] could not be located[.]"

The People moved to augment the record to include the 2010 petition, a copy of which was attached to the People's motion. We granted the request.

The original reporter's transcript did not include the August 27, 2010, hearing. Defendant requested a settled statement regarding the proceedings on that date. In support of the request, defendant submitted the declaration of his appellate counsel, who stated he had spoken with defendant's trial counsel, Robert Saria, and Saria told him

3

there had been no 2010 petition and no stipulation at the August 27, 2010, hearing. Appellate counsel further indicated he was no longer able to communicate with Saria. Defendant proposed a settled statement that reads, in relevant part:

"1. The minutes and the court order for that date [August 27, 2010] fully and completely describe the courtroom proceedings on that date.

"2. Nothing took place, and no further discussion was had, on that date other than what is reflected in the minutes and court order.

"3. There was no stipulation or new petition before the Court other than the 2008 petition and the 'stipulation' in the order of April 15, 2010 in which the court said, 'The parties have reserved the court's jurisdiction to determine whether the two-year commitment is measured from the petition, the date of the court's determination, or, two years beyond the present commitment.' "

A copy of the request for settled statement was served on the prosecutor, who apparently failed to respond. The trial court approved the proposed settled statement on January 23, 2012.

## II

### *The Settled Statement*

This matter involves application of section 1026.5, subdivision (b), which reads, in relevant part:

"(1) A person may be committed beyond the term prescribed by subdivision (a) [the initial term of commitment] only under the procedure set forth in this subdivision and only if the person has been committed under Section 1026 for a felony and by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others.

"(2) Not later than 180 days prior to the termination of the maximum term of commitment prescribed in subdivision (a), the medical director of a state hospital in

4

which the person is being treated . . . shall submit to the prosecuting attorney his or her opinion as to whether or not the patient is a person described in paragraph (1). . . . The prosecuting attorney may then file a petition for extended commitment in the superior court which issued the original commitment. The petition shall be filed no later than 90 days before the expiration of the original commitment unless good cause is shown. . . . [¶] . . . [¶]

"(4) The court shall conduct a hearing on the petition for extended commitment. . . . The trial shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless that time is waived by the person or unless good cause is shown. [¶] . . . [¶]

"(8) If the court or jury finds that the patient is a person described in paragraph (1), the court shall order the patient recommitted to the facility in which the patient was confined at the time the petition was filed. This commitment shall be for an additional period of two years from the date of termination of the previous commitment, and the person may not be kept in actual custody longer than two years unless another extension of commitment is obtained in accordance with the provisions of this subdivision. . . . [¶] . . . [¶]

"(10) Prior to termination of a commitment under this subdivision, a petition for recommitment may be filed to determine whether the patient remains a person described in paragraph (1). The recommitment proceeding shall be conducted in accordance with the provisions of this subdivision."

Defendant contends the settled statement establishes both that there was no 2010 petition before the court at the time of the August 27, 2010, hearing and that there was no stipulation entered into between the parties at that hearing. This he presumably gathers from paragraph 3 of the settled statement, which, as noted above, states: "There was no stipulation or new petition before the Court other than the 2008 petition and the 'stipulation' in the order of April 15, 2010 in which the court said, 'The parties have

5

reserved the court's jurisdiction to determine whether the two-year commitment is measured from the petition, the date of the court's determination, or, two years beyond the present commitment.' " Hence, defendant argues, there was no legal basis for extending his commitment beyond October 10, 2010. However, as we shall explain, paragraph 3 of the settled statement is clearly inconsistent with the remainder of that statement and cannot reasonably be read as defendant argues.

California Rules of Court, rules 8.137 and 8.346 authorize the use of a settled statement whenever any portion of the oral proceedings cannot be transcribed. A settled statement is intended to record what actually took place in the proceedings for which a reporter's transcript or notes are not available. (*People v. Anderson* (2006) 141 Cal.App.4th 430, 440.) "Consistent with this limited purpose, the settled statement is 'intended to ensure that the record transmitted to the reviewing court preserves and conforms to the proceedings actually undertaken in the trial court . . . .' " (*Ibid.*)

Because a settled statement is an attempt to recreate what actually occurred in court, it is no better than the information that goes into drafting it. The adequacy of a settled statement in recreating oral proceedings depends upon the availability of notes of the proceedings, whether the trial court is able to remember the missing portion of the record, and the ability of the parties to participate in reconstructing the record. (*People v. Cervantes* (2007) 150 Cal.App.4th 1117, 1121.) Obvious misstatements in a settled statement, which clearly do not reflect what actually occurred, may be disregarded. (See *People v. Landis* (2007) 156 Cal.App.4th Supp. 12, 14.)

In the matter before us, none of the participants present at the time of the August 27, 2010, hearing contributed anything to the settled statement. As described above, appellate defense counsel prepared the settled statement based on information obtained from trial counsel. Trial counsel was no longer available to provide input, and the prosecutor failed to participate in the process. At the time he signed the settled statement, the trial judge noted: "Neither counsel appears to have met, conferred; and,

6

sadly, the court has no independent recollection of the relevant proceedings." Neither the prosecutor nor defendant's trial counsel signed the settled statement. Thus, the only information provided for preparation of the settled statement was a single hearsay assertion by defendant's trial counsel, related to the court by defendant's appellate counsel.

Paragraph 3 of the settled statement is clearly inconsistent with paragraph 1, which reads: "The minutes and the court order for that date [August 27, 2010] fully and completely describe the courtroom proceedings on that date." As noted earlier, the August 27, 2010, minutes state, in pertinent part: "Pursuant to stipulation of counsel Petition for Extended Commitment pursuant to [] Section 1026.5 is hereby granted. It is ordered that [defendant's] commitment to Department of Mental Health be extended for two (2) years effective October 10, 2010. [¶] Maximum commitment date October 10, 2012."

Defendant argues there is no inconsistency between paragraphs 1 and 3, because the stipulation to which the minute order refers was that entered into at the time of the April 15, 2010, order extending defendant's commitment until October 10, 2010, as described in paragraph 3 of the settled statement. Likewise, the petition to which the court referred, defendant argues, was the 2008 petition.

But that makes no sense in the context. The stipulation to which defendant refers was a reservation of jurisdiction to allow the court to decide if the two-year commitment on the 2008 petition begins on the date of that petition, the date the prior commitment ended, or the date of the court's ruling. Under the first option, the renewed commitment would run from July 2008. Under the second, the commitment would run from October 2008. Under the third, it would run from April 2010. Under none of these options would the commitment run from October 2010, as the court ordered on August 27, 2010. Thus, the reservation of jurisdiction in the April 15, 2010, order could not possibly have been

7

the stipulation referred to in the August 27, 2010, minutes. Because defense trial counsel had not so stated, this was simply speculation on the part of appellate defense counsel.

By contrast, the court's minute order appears clear. It states in relevant part: "Pursuant to stipulation of counsel Petition for Extended Commitment pursuant to Penal Code Section 1026.5 is hereby granted." In other words, the petition is granted "[p]ursuant to stipulation." This is not a reference to an earlier stipulation regarding the starting point for a prior extended commitment, as paragraph 3 of the settled statement asserts. It refers to a stipulation for a current extension.

As for the petition to which the court referred in its minute order, that could not have been the 2008 petition, which the court had already granted. Under section 1026.5, subdivision (b)(1), a defendant may be committed beyond the initial term only under the procedure set forth in section 1026.5, subdivision (b). Under section 1026.5, subdivision (b)(8), such recommitment "shall be for an additional period of two years from the date of termination of the previous commitment, and the person may not be kept in actual custody longer than two years unless another extension of commitment is obtained in accordance with the provisions of this subdivision." Absent a contrary showing, we assume official duty has been regularly performed. (Evid. Code, § 664; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1486; *People v. Young* (1991) 228 Cal.App.3d 171, 186.) Thus, we assume the trial court was aware of the limits of its authority to extend the commitment on the 2008 petition for more than two years. And since the 2010 petition had been filed with the court before the August 27, 2010, hearing, we assume it was that petition to which the court was referring.

Thus, notwithstanding paragraph 3 of the settled statement, we conclude the 2010 petition was before the court at the August 27, 2010, hearing and that, pursuant to stipulation of the parties entered into at that time, the trial court granted that petition, extending defendant's commitment from October 10, 2010 to October 10, 2012.

8

### III

*Defendant's Challenge to the August 27, 2010, Order*

Defendant's arguments on appeal challenging the August 27, 2010, order spring primarily from an assumption that there was no 2010 petition before the trial court at the time. He argues the court extended his commitment until October 10, 2012, based instead on the 2008 petition, an extension that exceeded the two years authorized by section 1026.5, subdivision (b). However, as we have explained, the August 27, 2010, order was clearly based on the 2010 petition, not the 2008 petition.

Defendant also argues he was denied due process when trial on the 2008 petition was not held until April 2010. However, defendant acknowledges it is unnecessary to consider this argument since his recommitment on the 2008 petition has expired. We note further that the argument is not properly before us in any event, because defendant did not appeal from the trial court's order granting the 2008 petition and extending his commitment until October 10, 2010. Likewise, defendant's argument that there is insufficient evidence to support the finding that he qualifies for extension under section 1026.5, subdivision (b), is not properly before us. As explained above, the extension from which defendant appeals, for the period from October 10, 2010 to October 10, 2012, was based on a stipulation entered into on August 27, 2010, not evidence presented in the April 2010 hearing or some other hearing.

Defendant contends the trial court had no authority to extend his commitment by way of a stipulation. He argues section 1026.5, subdivision (b), which is the only means by which his commitment may be extended, requires a hearing to determine if he continues to pose a danger. Defendant argues this hearing requirement is jurisdictional and without a hearing the court lacked jurisdiction to extend his commitment. Thus, he argues, the extension order of August 27, 2010, is void.

9

The People contend, in opposition, that the procedures set forth in section 1026.5, subdivision (b), are not jurisdictional but directory and, therefore, may be waived. They further argue defendant waived the requirement of a hearing by stipulating to an extension before the end of his then current commitment.

The People further contend defendant's appeal is not properly before us, because defendant failed to obtain a certificate of probable cause. Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶] . . . [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  It is undisputed defendant failed to obtain a certificate of probable cause in this instance.  However, it is also clear the present matter does not involve a plea of guilty or nolo contendere to a criminal charge or a revocation of probation.  In fact, as explained below, the present matter is not a criminal proceeding at all.  Hence, section 1237.5 has no application to the present matter.

Section 1026.5, subdivision (b)(4), reads:  "The court shall conduct a hearing on the petition for extended commitment.  The trial shall be by jury unless waived by both the person and the prosecuting attorney.  The trial shall commence no later than 30 calendar days prior to the time the person would otherwise have been released, unless that time is waived by the person or unless good cause is shown."

Notwithstanding the requirement that any waiver of the jury trial requirement be by "the person," such waiver may instead be entered by counsel for the defendant.  Civil extension proceedings under section 1026.5, subdivision (b), are civil in nature, the purpose of which is treatment, not punishment.  (*People v. Powell* (2004) 114

10

Cal.App.4th 1153, 1157 (*Powell*); *People v. Wilder* (1995) 33 Cal.App.4th 90, 99.) Thus, all the procedures and rights available to a criminal defendant are not applicable to a civil committee under section 1026.5. On the other hand, because commitment extension proceedings involve a significant restraint on liberty, the individual is entitled to some due process protections. (Cf. *Moore v. Superior Court* (2010) 50 Cal.4th 802, 818.) The procedural safeguards required in a given context "are flexible [citation], and the quantum and quality of the process due depends upon the nature and purpose of the challenged commitment. [Citation.] In making this determination, the courts weigh, assess, and consider various factors affected by the disputed procedure. Distilled, these considerations involve (1) the various private interests at stake, (2) any competing state or public concerns, and (3) the potential risk of an erroneous or unreliable outcome." (*People v. Barrett* (2012) 54 Cal.4th 1081, 1099.)

In *People v. Masterson* (1994) 8 Cal.4th 965, the California Supreme Court concluded a criminal defendant's personal waiver is not required to permit a competency hearing before a jury of 11 rather than 12 jurors. In so concluding, the high court made the following key point: "The sole purpose of a competency proceeding is to determine the defendant's present mental competence, i.e., whether the defendant is able to understand the nature of the criminal proceedings and to assist counsel in a rational manner. [Citations.] Because of this, the defendant necessarily plays a lesser personal role in the proceeding than in a trial of guilt. How can a person whose competence is in doubt make basic decisions regarding the conduct of a proceeding to determine that very question?" (*Id.* at p. 971.)

In *Powell*, the Court of Appeal held counsel may waive a defendant's right to trial by jury in a section 1026.5, subdivision (b), proceeding even over the defendant's objection. (*Powell*, *supra*, 114 Cal.App.4th at p. 1156.) The court there noted "a NGI committee who is not mentally competent *must* act through counsel. If the person is not competent to waive jury at the extension trial, his or her attorney may waive jury on his

11

or her behalf." (*Id.* at p. 1158.) According to the court, "[a]n insane person who is 'a substantial danger of physical harm to others' (§ 1026.5, subd. (b)(1)) should not be able to veto the informed tactical decision of counsel." (*Ibid.*; accord *People v. Otis* (1999) 70 Cal.App.4th 1174, 1177 [upholding counsel's waiver of jury trial in extension proceeding of mentally disordered offender].)

Just as counsel may waive the defendant's right to trial by a jury, he or she may also waive the defendant's right to trial altogether. Although section 1026.5, subdivision (b)(4), says the court "shall" conduct a hearing, use of the word "shall" is not dispositive. (*People v. Lara* (2010) 48 Cal.4th 216, 227.) "The context of the language, as well as other indicia of legislative intent, must be considered." (*Ibid.*) Even in a criminal prosecution involving all possible due process rights, the defendant may waive his or her constitutional and statutory rights to trial and enter a guilty plea. This is only logical. While the court may conduct a trial, there is no requirement that the defendant mount a defense. Under section 1026.5, subdivision (b), a petition for recommitment must be accompanied by affidavits specifying the factual basis for believing the defendant meets the statutory requirements. (§ 1026.5, subd. (b)(2).) The trial is an opportunity for the defendant to try and refute that showing. But there is no requirement that the defendant avail himself of that opportunity.

In the present matter, it made perfect sense for defendant to waive his right to a trial. Only four months earlier, defendant had participated in a trial where he was found subject to an extended commitment. It is reasonable for defendant and his counsel to expect the result would be no different in a subsequent trial. Thus, rather than disrupt his treatment to participate in a trial where the result can reasonably be anticipated, it was logical for defendant to waive such trial and concentrate on improving his mental condition in the hope of avoiding a further extension two years hence.

12

We conclude the trial court properly extended defendant's commitment under section 1026.5, subdivision (b), from October 10, 2010 to October 10, 2012, based on stipulation of the parties.

DISPOSITION

The judgment (order) is affirmed.


      HULL      , Acting P. J.


We concur:


      MAURO      , J.


      HOCH      , J.