Filed 3/5/14  P. v. Diego CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM DIEGO,<br><br>    Defendant and Appellant. | 2d Crim. No. B247140<br>(Super. Ct. No. F482312)<br>(San Luis Obispo County) |

William Diego appeals the order determining him to be a mentally disordered offender (MDO) and committing him to the Department of Mental Health (now State Department of State Hospitals) for treatment.  (Pen. Code,[1] § 2962 et seq.)  Appellant contends the court violated his statutory right to a jury trial by allowing his attorney to waive the right over appellant's objection.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In January 2010, appellant was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) and was sentenced to three years in state prison.  On November 7, 2012, the Board of Parole Hearings (BPH) determined that appellant met the criteria for MDO treatment and sustained the requirement of treatment as a condition of his parole.

---

[1] All further undesignated statutory references are to the Penal Code.

Appellant petitioned for a hearing pursuant to section 2966, subdivision (b), and counsel was appointed to represent him. Over appellant's objection, his attorney waived his right to a jury trial.

Dr. Brandi Mathews, a forensic psychologist, testified at appellant's commitment trial. After interviewing appellant, reviewing his medical records from Atascadero State Hospital (ASH), and consulting with his treating psychologist, Dr. Mathews opined that appellant met the criteria for MDO treatment. Appellant suffers from schizophrenia and has a history of delusions, paranoia, auditory hallucinations, and disorganized thoughts. He has frequently been observed talking and laughing to himself, and believes that people are out to get him.

Appellant's mental disorder predates his commitment offense of assault with a deadly weapon, and was a factor in his commission of that offense. The facts of the offense indicate that appellant stabbed and threatened to kill the manager of the hotel where appellant was staying after the manager asked him to leave the premises. At the time of the BPH hearing appellant was still suffering from his mental illness and was not in remission. When Dr. Mathews interviewed appellant less than a week prior to the hearing, he exhibited an increase in his paranoia and became delusional. Appellant's records reflected that he had received over 90 days of treatment in the year preceding the hearing.

Dr. Mathews also testified that appellant had not voluntarily followed his treatment plan and refused to take his medication as prescribed. The doctor opined that appellant presented a substantial risk of physical harm to others by reason of his mental disorder, into which he has limited insight.

Appellant testified in his own behalf. He said he had been following his treatment plan and attending group therapy, and would continue treatment if released from custody.

At the conclusion of the hearing, the court found that the MDO criteria had been met. Accordingly, the court denied appellant's petition and ordered him committed for further treatment.

2

## DISCUSSION

Appellant's sole contention on appeal is that the court denied his right to a jury trial under subdivision (a) of section 2972 by allowing his attorney to waive the right over appellant's objection. He acknowledges the numerous cases rejecting this contention. (E.g., *People v. Montoya* (2001) 86 Cal.App.4th 825, 829-830 (*Montoya*); *People v. Fisher* (2006) 136 Cal.App.4th 76, 81; *People v. Otis* (1999) 70 Cal.App.4th 1174, 1177 (*Otis*).) He finds hope, however, in the fact that our Supreme Court has agreed to decide the issue. (*People v. Blackburn* (2013) 215 Cal.App.4th 809, review granted Aug. 14, 2013, No. S211078.) Relying on *Blackburn*, appellant asserts that "waiver is improper unless the record demonstrates circumstances that cast doubt on the MDO's mental capacity to determine what is in his or her best interest." He goes on to claim that the record in this case is insufficient to make such a determination, nor does it establish that appellant was personally advised of his right to a jury trial.

Unless and until the Supreme Court rules otherwise, we will continue to adhere to the view that an MDO's statutory right to a jury may be waived over his objection by counsel. The statute's statement that "[t]he trial shall be by jury unless waived by both the person and the district attorney" (§ 2972, subd. (a)) is reasonably interpreted to mean that "defense counsel may waive jury trial on behalf of his client." (*Montoya, supra*, 86 Cal.App.4th at p. 830.) Moreover, as we reasoned in *Otis*: "Section 2966 concerns persons who have been found by the Board of Prison Terms [now BPH] to be mentally disordered. The Legislature must have contemplated that many persons, such as Otis, might not be sufficiently competent to determine their own best interests. There is no reason to believe the Legislature intended to leave the decision on whether trial should be before the court or a jury in the hands of such a person." (*Otis, supra,* 70 Cal.App.4th at p. 1177.)

To the extent that a jury waiver in this context is only proper when the record casts doubt on the defendant's ability to make the decision for himself, the record here is sufficient in that regard. Appellant claims he gave "coherent and intelligent" testimony demonstrating that he was competent to decide whether to waive a jury trial.

3

His testimony, however, was very brief and fails to counter the evidence indicating that he was *not* competent to make such a decision. Dr. Mathews' uncontroverted testimony showed that appellant was delusional and paranoid and could only keep his thoughts organized for a brief period of time. In light of this evidence, there was "no reason to believe that [appellant] was capable of making a reasoned decision about the relative benefits of a civil jury trial compared to a civil bench trial." (*Montoya, supra*, 86 Cal.App.4th at p. 831, fn. omitted.)

Even if the record reflected otherwise, the error in failing to obtain appellant's personal waiver would not compel reversal. The denial of a statutory right to a jury trial is harmless unless it is reasonably probable the defendant would have achieved a more favorable result had the matter been tried by a jury rather than the court. (*People v. Epps* (2001) 25 Cal.4th 19, 29; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Counsel made a legitimate tactical decision to proceed with a court trial. In light of Dr. Mathews' uncontroverted testimony, it is not reasonably probable that a jury would have returned a more favorable verdict. (See *People v. Cosgrove* (2002) 100 Cal.App.4th 1266, 1276.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.