Filed 11/24/14  P. v. Chavez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JUAN DANIEL CHAVEZ, Defendant and Appellant. | D065960 (Super. Ct. Nos. SCS149245 & SCS167911) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.


Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Juan Daniel Chavez appeals from a judgment determining him to be a mentally disordered offender (MDO). He contends that the superior court erred in failing to advise him of his right to a jury trial and failing to obtain his personal waiver of that right as required by Penal Code section 2972, subdivision (a).[1] We reject Chavez's contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Chavez suffers from schizoaffective disorder, bipolar type, antisocial personality disorder and polysubstance dependence. In August 2000, he was incarcerated after pleading guilty to robbery. After being released on formal probation, Chavez was arrested for exhibiting a deadly weapon to resist arrest, pled guilty to the charge and was sentenced to prison.

When Chavez was paroled in April 2006, the Department of Corrections certified him as an MDO and transferred him to the Atascadero State Hospital (Atascadero). The following January, Chavez was sent to Patton State Hospital (Patton), but was later returned to the Department of Corrections after assaulting several Patton patients. He was readmitted to Atascadero in July 2009 and his civil commitment was extended several times thereafter.[2]

In June 2011, Chavez was administratively transferred to the Metropolitan State Hospital (Metropolitan) and the superior court extended his civil commitment twice

---

[1] All further statutory references are to the Penal Code.

more. During this time, Chavez consistently denied having a mental illness and refused to voluntarily take his medications. He was also involved in several physical and verbal assaults toward staff and other patients.

In August 2013, the California Department of Mental Health informed the district attorney that Chavez's civil commitment was set to expire and Metropolitan staff recommended extending his commitment again. The district attorney filed a petition seeking the extension, supported by opinions from two medical experts that Chavez continued to suffer from severe mental illness, did not meet the criteria for release because his illness was not in remission and would pose a substantial risk of harm to others if released into the community.

Chavez was present at the hearing on the petition, wherein the following colloquy occurred:

> "[Defense counsel]: Frank Birchak, Alternate Public Defender on behalf of Mr. Chavez[,] who's present before the court in custody. [¶] Your honor, what we would like to do is we're asking that the court recommend a re-evaluation of placement for Mr. Chavez. Currently, he's housed at the Metropolitan State Hospital. He's previously been at Patton and Atascadero and felt he was much more successful in the programs, worked much better from there. He's having some issues with the staff at Metropolitan, so we're asking the court to recommend that the state hospital system re-evaluate where he should be placed.
>
> "The Court: Anything from the People?
>
> "[Prosecutor]: Submitted.
>
> "The Court: All right. I'm going to request the state hospital system re-evaluate the defendant's placement and then we'll continue this.

---

2      Chavez was restrained and secluded at Atascadero as a result of threatening and sexually inappropriate behavior.

3

"[Defense counsel]: I think given that, we would submit on the current MDO petition and extend his commitment date one year.

"The Court: I take it the People also submit?

"[Prosecutor]: Yes, your honor.

"The Court: Based on the forensic psychiatry reports then, the petition is extended for one year. . . ."

Chavez filed a notice of appeal and obtained a certificate of probable cause.

DISCUSSION

The MDO law (§ 2960 et seq.) provides for the involuntary commitment and continuing treatment by the State Department of Mental Health as a condition of parole for a defendant who has been convicted of one or more specified offenses, has a severe mental disorder and is not in remission or cannot be kept in remission without treatment and meets certain other criteria. (§ 2962, subds. (a)-(e).) Prior to the expiration of the involuntary commitment period, the district attorney may file a new petition to recommit the defendant for another year. (§ 2972, subd. (e).) The court must extend the involuntary commitment if the jury, or the court sitting as a trier of fact, finds that (a) the defendant has a severe mental disorder for which he has received continuous treatment, (b) the disorder is not in remission or cannot be kept in remission without continued treatment, and (c) because of the disorder, the defendant represents a substantial danger of physical harm to others. (§§ 2970, 2972, subd. (c).)

A proceeding to have a defendant committed as an MDO or to extend an existing commitment is a civil proceeding. (*People v. Otis* (1999) 70 Cal.App.4th 1174, 1176.)

4

In such a proceeding, the defendant has a state constitutional and statutory right to a jury trial on the allegations of the petition (§ 2966, subd. (b) [providing that "trial shall be by jury unless waived by both the person and the district attorney"]); however, in accordance with existing precedent, that right may be waived by defense counsel, even over the defendant's objection. (*Otis,* at p. 1176; *People v. Masterson* (1994) 8 Cal.4th 965, 972; see also *People v. Montoya* (2001) 86 Cal.App.4th 825, 828-832; *People v. Powell* (2004) 114 Cal.App.4th 1153, 1157-1159 [recognizing that the jury trial right of a defendant in a proceeding to extend his civil commitment after having been found not guilty by reason of insanity may be waived by defense counsel].)

Here, Chavez argues that the trial court prejudicially erred in failing to advise him of his right to a jury trial and in failing to obtain his personal waiver of that right. This issue is currently before the California Supreme Court.[3] Pending a decision holding otherwise, however, we will adhere to the authorities establishing that Chavez's counsel had the authority to waive the right to trial by jury.

Chavez further contends that because defense counsel did not state on the record that he was waiving the jury trial right, his submission on the district attorney's evidence and agreement to a one-year extension of the commitment period cannot be construed as such a waiver. However, as an appellant, Chavez bears the burden of establishing error, i.e., that his attorney was unaware of the right to trial by jury in a civil commitment proceeding and thus did not knowingly waive that right, but has made no such showing.

---

3       *People v. Blackburn*, review granted August 14, 2013, S211078.

Moreover, as trial counsel submitted no evidence to contradict the district attorney's medical experts' opinions in support of the recommitment petition, Chavez has likewise not shown a reasonable probability that he would have achieved a better result if he had had a jury trial.  (See *People v. Epps* (2001) 25 Cal.4th 19, 29, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## DISPOSITION

The judgment extending Chavez's commitment as an MDO is affirmed.


O'ROURKE, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.